UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
LONDON

Eastern District of Kentucky
FILED
MAY 10 2006
AT LONDON
LESLIE G. WHITMER
CLERK U.S. DISTRICT COURT

CIVIL ACTION NO. 05-380-GWU

DELLA E. PALUMBO, PLAINTIFF,

VS. **MEMORANDUM OPINION**

JO ANNE B. BARNHART,
COMMISSIONER OF SOCIAL SECURITY, DEFENDANT.

## INTRODUCTION

The plaintiff brought this action to obtain judicial review of an administrative denial of her application for Supplemental Security Income (SSI). The appeal is currently before the Court on cross-motions for summary judgment.

## APPLICABLE LAW

The Sixth Circuit Court of Appeals has set out the steps applicable to judicial review of Social Security disability benefit cases:

1. Is the claimant currently engaged in substantial gainful activity? If yes, the claimant is not disabled. If no, proceed to Step 2. See 20 C.F.R. 404.1520(b), 416.920(b).

2. Does the claimant have any medically determinable physical or mental impairment(s)? If yes, proceed to Step 3. If no, the claimant is not disabled. See 20 C.F.R. 404.1508, 416.908.

3. Does the claimant have any severe impairment(s)--i.e., any impairment(s) significantly limiting the claimant's physical or mental ability to do basic work activities? If yes, proceed to Step 4. If no, the claimant is not disabled. See 20 C.F.R. 404.1520(c), 404.1521, 416.920(c), 461.921.

1

Palumbo

4. Can the claimant's severe impairment(s) be expected to result in death or last for a continuous period of at least 12 months? If yes, proceed to Step 5. If no, the claimant is not disabled. See 20 C.F.R. 404.920(d), 416.920(d).

5. Does the claimant have any impairment or combination of impairments meeting or equaling in severity an impairment listed in 20 C.F.R. Part 404, Subpart P, Appendix 1 (Listing of Impairments)? If yes, the claimant is disabled. If no, proceed to Step 6. See 20 C.F.R. 404.1520(d), 404.1526(a), 416.920(d), 416.926(a).

6. Can the claimant, despite his impairment(s), considering his residual functional capacity and the physical and mental demands of the work he has done in the past, still perform this kind of past relevant work? If yes, the claimant was not disabled. If no, proceed to Step 7. See 20 C.F.R. 404.1520(e), 416.920(e).

7. Can the claimant, despite his impairment(s), considering his residual functional capacity, age, education, and past work experience, do other work--i.e., any other substantial gainful activity which exists in the national economy? If yes, the claimant is not disabled. See 20 C.F.R. 404.1505(a), 404.1520(f)(1), 416.905(a), 416.920(f)(1).

Garner v. Heckler, 745 F.2d 383, 387 (6th Cir. 1984).

Applying this analysis, it must be remembered that the principles pertinent to the judicial review of administrative agency action apply. Review of the Commissioner's decision is limited in scope to determining whether the findings of fact made are supported by substantial evidence. Jones v. Secretary of Health and Human Services, 945 F.2d 1365, 1368-1369 (6th Cir. 1991). This "substantial evidence" is "such evidence as a reasonable mind shall accept as adequate to

2

support a conclusion;" it is based on the record as a whole and must take into account whatever in the record fairly detracts from its weight. Garner, 745 F.2d at 387.

One of the detracting factors in the administrative decision may be the fact that the Commissioner has improperly failed to accord greater weight to a treating physician than to a doctor to whom the plaintiff was sent for the purpose of gathering information against his disability claim. Bowie v. Secretary, 679 F.2d 654, 656 (6th Cir. 1982). This presumes, of course, that the treating physician's opinion is based on objective medical findings. Cf. Houston v. Secretary of Health and Human Services, 736 F.2d 365, 367 (6th Cir. 1984); King v. Heckler, 742 F.2d 968, 973 (6th Cir. 1984). Opinions of disability from a treating physician are binding on the trier of fact only if they are not contradicted by substantial evidence to the contrary. Hardaway v. Secretary, 823 F.2d 922 (6th Cir. 1987). These have long been well-settled principles within the Circuit. Jones, 945 F.2d at 1370.

Another point to keep in mind is the standard by which the Commissioner may assess allegations of pain. Consideration should be given to all the plaintiff's symptoms including pain, and the extent to which signs and findings confirm these symptoms. 20 C.F.R. Section 404.1529 (1991). However, in evaluating a claimant's allegations of disabling pain:

> First, we examine whether there is objective medical evidence of an underlying medical condition. If there is, we then examine: (1) whether objective medical evidence confirms the severity of the alleged

3

pain arising from the condition; or (2) whether the objectively established medical condition is of such a severity that it can reasonably be expected to produce the alleged disabling pain.

Duncan v. Secretary of Health and Human Services, 801 F.2d 847, 853 (6th Cir. 1986).

Another issue concerns the effect of proof that an impairment may be remedied by treatment. The Sixth Circuit has held that such an impairment will not serve as a basis for the ultimate finding of disability. Harris v. Secretary of Health and Human Services, 756 F.2d 431, 436 n.2 (6th Cir. 1984). However, the same result does not follow if the record is devoid of any evidence that the plaintiff would have regained his residual capacity for work if he had followed his doctor's instructions to do something or if the instructions were merely recommendations. Id. Accord, Johnson v. Secretary of Health and Human Services, 794 F.2d 1106, 1113 (6th Cir. 1986).

In reviewing the record, the Court must work with the medical evidence before it, despite the plaintiff's claims that he was unable to afford extensive medical work-ups. Gooch v. Secretary of Health and Human Services, 833 F.2d 589, 592 (6th Cir. 1987). Further, a failure to seek treatment for a period of time may be a factor to be considered against the plaintiff, Hale v. Secretary of Health and Human Services, 816 F.2d 1078, 1082 (6th Cir. 1987), unless a claimant simply has no way to afford or obtain treatment to remedy his condition, McKnight v. Sullivan, 927 F.2d 241, 242 (6th Cir. 1990).

4

Additional information concerning a specific step in the test is in order.

In the Sixth Circuit, the Step Three severity regulation has been held to be a de minimus hurdle in the disability determination process. Murphy v. Secretary of Health and Human Services, 801 F.2d 182, 185 (6th Cir. 1986). An impairment can be considered not severe only if it is a "slight abnormality that minimally affects work ability regardless of age, education, and experience." Farris v. Secretary of Health and Human Services, 773 F.2d 85, 90 (6th Cir. 1985). Essentially, the severity requirements may be used to weed out claims that are "totally groundless." Id., n.1.

## DISCUSSION

The administrative law judge (ALJ) concluded that Palumbo's complaints of depression and back pain amounted to less than "severe" impairments. (Tr. 23). Thus, her claim for benefits was denied. (Id.).

The plaintiff originally complained that she had been unable to work since December, 2000 due, in part, to various musculoskeletal problems. (Tr. 63). However, x-rays of the lumbar spine, and right hand and wrist done in November, 2000 were read as negative in result. (Tr. 110). Left foot and ankle x-rays from June, 2002 were unremarkable. (Tr. 126, 127). She was observed to have a normal gait and posture during a psychological evaluation the next month (Tr. 129) and the plaintiff admitted being able to cook, wash dishes and sweep in her trailer (Tr. 130). X-rays of the lower back in 2003 were unremarkable (Tr. 216). A medical reviewer pronounced her physical complaints as "less than severe" in October, 2003. (Tr.

5

Palumbo

169). In 2004, x-rays and an MRI of the shoulder were negative (Tr. 189, 215) but the MRI of the lumbar spine showed a small central disc protrusion at L5-S1 and L2-L3 as well as endplate spur formation at L2-L3. (Tr. 189). A nurse practitioner, rather than a physician, had ordered the study (Tr. 189) and, at any rate, neither she nor her fellow practitioners imposed any specific activity limitations (Tr. 188A, 196, 198, 200, 202, 204, 206, 208, 210, 234, 239).[1] Most of the objective studies were negative and, even of those that were not, there was no medical opinion delineating specific physical activity restrictions. Thus, the decision to find no "severe" physical impairments was supported by substantial evidence.

The plaintiff also alleged disability, in part, due to her mental condition. One consultative examiner, William Rigby, diagnosed a depressive disorder and cited a GAF of 70[2] (Tr. 130, 131); he noted that there were no manifestations of mental illness or psychological disturbance, although appropriate inquiries could not be made due to the fact that the plaintiff brought her four year old child to the evaluation. (Tr. 130). He felt that the plaintiff would have several "good" mental abilities, but that there might be a "fair" ability to handle stress; he did not,

---

[1] There was a notation behind counseling for lifting precautions, (e.g., Tr. 200) but nothing specific.

[2] GAF scores between 61 and 70 are consistent with "some mild symptoms (e.g., depressed mood and mild insomnia) OR some difficulty in social, occupational, or school functioning (e.g., occasional truancy, or theft within the household), but generally functioning pretty well, has some meaningful interpersonal relationships" as per the Diagnostic and Statistical Manual of Mental Disorders (4th Ed.) (DSM-IV).

6

Palumbo

however, define the word "fair" to make clear what sort of limitation he had in mind. (Id.). Medical Reviewer Stodola did not feel this evidence demonstrated a "severe" impairment. (Tr. 132). Another consultative examination was conducted by Phil Pack, who described the plaintiff as friendly, pleasant, spontaneous in speech and evidently malingering during testing (Tr. 149-150); Pack indicated he could not accurately determine Palumbo's functional capabilities without valid testing (Tr. 151). Again, medical reviewers believed the evidence established no "severe" impairment. (Tr. 152, 171). In 2004, the patient was referred to Kentucky River Community Care (KRCC) (Tr. 194), albeit the referring source did not mention specific related work restrictions. In the <u>very</u> short time she was seen at the KRCC,[3] a GAF of 70 was noted (Tr. 222) and there was no reference to specific restrictions. In one of the last progress notes, she was described as being calm, cooperative and friendly. (Tr. 237).

As noted by the defendant, the mere diagnosis of a condition is not enough. The decision is affirmed.

This the ___10___ day of May, 2006.

*signature*
G. WIX UNTHANK
SENIOR JUDGE

---

[3]She was first seen on April 8th (Tr. 226) and by April 30th had failed to keep an appointment with the KRCC staff (Tr. 219). She returned only in August for her last two appointments of record. (Tr. 236). Thus, there may well be some argument about whether the KRCC was a long-term treating source.

7